**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    Case No. 90-CR-42

ANTHONY D. WHITE,

        Defendant.

## ORDER

On October 6, 2010, defendant Anthony D. White ("White") filed a Motion for Writ of Error Auditha Querela (Docket #524). White's motion ultimately asks that the court vacate his prior resentencing on the basis that he was improperly given a two-level sentencing guideline enhancement. In an effort to have his claim heard, White attempts two different characterizations of his motion: as one requesting a writ of error *auditha querela*; or one for a reduction of sentence pursuant to 18 U.S.C. § 3582. The reason for offering both explanations appears to be in order to avoid characterization of his motion as a successive § 2255 motion. The following discussion explains why both characterizations fail and the court is ultimately constrained to dismiss the motion as successive.

### BACKGROUND

A discussion of the factual and procedural background of this case is useful before diving into the analysis. This case stems from an original conviction entered in 1990 for participating in a cocaine distribution network. White was convicted of

conspiring to possess with intent to distribute (Count 1), using a communication facility to facilitate a felony (Count 16), and using a firearm during and in relation to a drug trafficking offense (Count 35). The court sentenced White to 355 months imprisonment. The Seventh Circuit affirmed his conviction, but remanded for resentencing, after which the court sentenced White to 295 months as to Count 1, 48 months as to Count 16 to run concurrently, and 60 months consecutive as to Count 35, resulting in an identical total sentence of 355 months. The Seventh Circuit affirmed the sentence.

However, in 1997 White filed a motion pursuant to 28 U.S.C. § 2255 challenging his conviction for the use of a firearm. The challenge came after the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995), and this court agreed that the decision invalidated the firearm conviction. The court granted White's motion in part, vacating the firearm conviction, and denied two other claims for relief. As such, the court resentenced White and entered a Second Amended Judgment on March 20, 1998. The court, while vacating the firearm charge, Count 35, sentenced White to a term of 355 months as to Count 1 and 48 months concurrent as to Count 16, again resulting in a total sentence of 355 months. The Seventh Circuit affirmed on April 27, 1999. It is with this sentence that White has a bone to pick. As the court explained at resentencing, the facts previously applicable to Count 1 resulted in a guideline sentencing range of 262 to 327 months. (Tr. of Resentencing Hr'g 11:8-11:10) (Docket #430). The court originally imposed a mid-range sentence of 295 months on Count 1. (*Id.* at 11:11-11:12). At resentencing,

the court applied the same factual analysis, but additionally included an enhancement under USSG § 2D1.1(b)(1) for possession of a firearm. (*Id.* at 11:12-11:15). The court noted that, with the enhanced guideline range, if it were to add the same number of months to the low end of the range as it had previously, it would end up with a 357-month sentence – two more months than the original sentence. (*Id.* at 11:8-11:18). The court noted the fact that, while the firearm conviction was no longer before the court, the conduct giving rise to the charge, as affirmed by the Seventh Circuit, remained before the court under the § 2D1.1(b)(1) enhancement and, therefore, there was little to change its view as to the analysis and imposition of sentence. (*Id.* at 11:19-12:6). During that hearing, White in fact disputed the application of the two-level enhancement for essentially the same reason as he does now: that there was no evidence at trial to connect White to the firearm that served as the basis for the enhancement. (*Id.* at 5:20-6:6).

On June 5, 2001, White filed a motion for reconsideration of his previous § 2255 motion. The court dismissed the motion for lack of jurisdiction on June 11, 2001, concluding that it was in fact a successive motion and White had not obtained leave from the Seventh Circuit to file. The Seventh Circuit denied White a certificate of appealability on April 3, 2002. Since 2002, the docket has been dormant until White's current filing.

## ANALYSIS

Because the court finds that the instant motion is in fact a successive § 2255 motion, it must dismiss it for lack of jurisdiction as the Seventh Circuit has not

-3-

granted leave to file. White first argues that the motion is properly one for a writ of error *auditha querela*, but the relief requested is covered by 28 U.S.C. § 2255 and, therefore, the writ, even if generally available, is not the proper method for seeking relief here. White also argues that his motion is actually one for reduction of sentence under 18 U.S.C. § 3582, but the basis for his requested relief is foreclosed because the Supreme Court decision he appeals to is not retroactive. Thus, the motion is in actuality one under § 2255 and, because it is a successive motion without certification from the Seventh Circuit, the court must dismiss it for lack of jurisdiction.

**I.      WRIT OF ERROR AUDITHA QUERELA**

White first argues that his motion is properly one requesting a writ of error *auditha querela* and, as such, he presents reasons urging availability of the writ. *Auditha querela* is a common law writ providing "relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment." *United States v. Johnson*, 962 F.2d 579, 582 (7th Cir. 1992) (citing 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2867, at 235 (1973)). The rules of civil procedure have abolished the writ for civil proceedings, Fed. R. Civ. P. 60(e), however, the Seventh Circuit has held open the possibility that *auditha querela* remains available in criminal proceedings. 962 F.2d at 583. However, whatever its actual availability, it may not be used to challenge the legality of a sentence that could otherwise be challenged under 28 U.S.C. § 2255.

*Id.* at 582.[1] Here, White's ultimate argument relies on either the fact that the two-level guideline enhancement was inappropriately applied at the time, or became inappropriately applied after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Though he is required to obtain leave from the Seventh Circuit to file a successive motion (as discussed later), it remains the case that § 2255 is available to White for the instant challenge. White's only argument as to the unavailability of § 2255 is that *Booker* had not yet been decided. But, as will be discussed below, *Booker* is not retroactive. It would violate the spirit of *Booker* to sidestep its bar on application to final judgments by issuing a writ for error *auditha querela* instead. Thus, the court finds that this motion is not properly one for a writ of error *auditha querela*.

## II. MOTION FOR REDUCTION OF SENTENCE

White next argues that his motion should be granted pursuant to 18 U.S.C. § 3582(c)(2). By statute, a court may not modify an imposed term of imprisonment unless, *inter alia*, the court sentenced the defendant based on a sentencing range subsequently lowered by the U.S. Sentencing Commission. 18 U.S.C. § 3582(c)(2). White bases his argument, however, on the fact that *Booker* made the sentencing guidelines advisory. 543 U.S. at 249-59. He argues that the court should essentially interpret *Booker* as amending the guidelines and lowering his sentencing range in a manner so analogous to Sentencing Commission action that the court should

---

[1]The Seventh Circuit has in fact expressed skepticism as to whether the writ is available at all given that § 2255 is available to defendants in custody and writ of coram nobis is available to those no longer in custody. *United States v. Kimberlin*, 675 F.2d 866, 869 (7th Cir. 1982).

apply § 3582. But *Booker* is not retroactively applicable to judgments that became final prior to the Supreme Court's decision in that case. *E.g.*, *United States v. Standiford*, 129 Fed. App'x 304, 306 (7th Cir. 2005); *United States v. Paladino*, 401 F.3d 471, 481 (7th Cir. 2005). This rule applies to requests for reduction under § 3582. *Standiford*, 129 Fed. App'x at 306 (affirming denial of § 3582 motion). Thus, White's argument fails here as his judgment became final prior to *Booker*'s release in 2005. There is no reason to construe this motion as one under § 3582.

## III. SUCCESSIVE MOTION UNDER SECTION 2255

As a result, because White's motion is neither properly one for a writ of error *auditha querela*, nor one for a reduction of sentence pursuant to § 3582, the court construes it as a motion under 28 U.S.C. § 2255. Because this motion is successive, and White has not been granted leave to file by the Seventh Circuit, the court is without jurisdiction and must dismiss it. A prisoner in federal custody may move the sentencing court to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). A "second or successive" motion must be certified by the court of appeals before it may be filed with the district court. 28 U.S.C. § 2255(h). As White has plainly filed a first § 2255 motion, and even filed a second, the instant motion, after properly construing it as one under § 2255, is clearly successive. White has not shown that the Seventh Circuit has certified the motion and, therefore, this court has no power to decide it. Thus, the court must dismiss the motion.

Accordingly,

**IT IS ORDERED** that the defendant's Motion for Writ of Error Auditha Querela (Docket #524) be and the same is hereby **DISMISSED** for lack of jurisdiction.

Dated at Milwaukee, Wisconsin, this 12th day of April, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge